**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
BATESVILLE DIVISION**

CATHERYNNE W. KENDRICK *et al.*  PLAINTIFFS
ADC #708204

V.                    NO: 1:08CV00044 WRW/HDY

LAVANDO K. DUNAVION *et al.*  DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge William R. Wilson.  Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

    1.    Why the record made before the Magistrate Judge is inadequate.
    2.    Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

    3.    The detail of any testimony desired to be introduced at the

>> hearing before the District Judge in the form of an offer of
>> proof, and a copy, or the original, of any documentary or
>> other non-testimonial evidence desired to be introduced at
>> the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff Catherynne W. Kendrick, an inmate at the McPherson Unit of the Arkansas Department of Correction ("ADC"), filed a *pro se* complaint (docket entry #3), on August 25, 2008.[1] On October 10, 2008, the Court entered an order noting that Plaintiff's complaint was lengthy, in violation of Fed.R.Civ.P. 8, and contained multiple claims (docket entry #6). That order directed Plaintiff to file an amended complaint setting forth the legally distinct claim she would like to pursue in this action. On October 20, 2008, Plaintiff filed a motion to amend to add Defendants (docket entry #12). On October 27, 2008, Plaintiff filed another motion to amend, along with an amended complaint which indicated that it was specifically in response to the Court's order of October 10, 2008 (docket entry #15).

## **I. Screening**

Before docketing the complaint, or as soon thereafter as practicable, the Court must review

---

[1] Plaintiff Valarie King's motion to voluntarily dismiss her claims was granted on October 10, 2008 (docket entry #8).

the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. Fed.R.Civ.P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 127 S.Ct. 1955, 1964-5 (2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted), the Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do....Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable. *Twombly* at 1974. Although *Twombly* involved allegations of conspiracy in violation of the Sherman Act, 15 U.S.C. § 1, the holding has been applied in a § 1983 context as well. *See Robbins v. Oklahoma*, Case No. 07-7021, 2008 U.S. App. LEXIS 5915 (10th Cir. March 21, 2008). However, a *pro se* plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir.2002) (citations omitted).

## II.  Analysis

Although Kendrick's amended complaint touches on other issues,[2] it is clear that the claims

---

[2] For example, Section IV of Plaintiff's complaint, paragraphs A through that L, alleges that Larry Norris, Larry Mays, and James Gibson, were aware of an assault upon her by a guard that had a "domino effect" of thefts and destruction. However a careful reading of that section of her complaint reveals that Kendrick cites that incident as evidence of the knowledge that Norris, Mays, and Gibson, had regarding her property losses. Indeed, in the last paragraph of that section, Kendrick

she is wishing to pursue in this lawsuit is for the theft, loss, or destruction of her personal property, including her books, clothing, electronics, eyeglasses, and other items.[3]  Indeed, in her motion to amend filed on October 20, 2008 (docket entry #12), Kendrick specifically states that this is a "<u>stolen property </u>lawsuit" (emphasis in original).  Even if all of Plaintiff's allegations are true, a § 1983 action is not the appropriate place for such claims.  The State of Arkansas provides an adequate post-deprivation remedy through the Arkansas Claims Commission.  *See* Ark. Code Ann.§ 19-10-204; *Hudson v. Palmer*, 468 U.S. 517, 530-537 (1984) (when state actor deprives individual of personal property, individual does not have a § 1983 claim if state law provides adequate post-deprivation remedy).  Thus, Plaintiff's complaint fails to state a claim upon which relief may be granted, and should be dismissed.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's complaint be DISMISSED WITH PREJUDICE for failure to state a claim upon which relief may be granted.

2. All pending motions be DENIED AS MOOT.

3. This dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).

4. The Court certify that an *in forma pauperis* appeal taken from the order and judgment

---

specifically requests that Norris, Mays, and Gibson, be "prosecuted for the constant theft, destruction and theft of property" that occurs at the prison.

[3] In light of the order granting Kendrick's motion to amend (docket entry #17), and the amended complaint Kendrick filed (docket entry #15), the undersigned considers all of Kendrick's claims, other than her claims for lost, stolen, or destroyed property, to be voluntarily abandoned. Thus, this recommendation only applies to the property claims she has raised here, and should not be construed to preclude the filing of a different lawsuit regarding any other claims she may have raised in her original lawsuit.

dismissing this action be considered frivolous and not in good faith.

      DATED this ___31___ day of October, 2008.

                                                          */s/*
                                    UNITED STATES MAGISTRATE JUDGE